**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 25-62244-CIV-SINGHAL

LAZARO RAUL ROJAS-CHAO,

    Petitioner,

v.

FIELD OFFICE DIRECTOR,
Miami Field Office,
U.S. Immigration and Customs Enforcement,

    Respondent.
_____

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court on Lazaro Raul Rojas-Chao's ("Petitioner") Motion for Order to Show Cause, and for Production of Evidence and the Petitioner's Body (the "Motion") (DE [6]).  Petitioner seeks a writ of habeas corpus under 28 U.S.C. Section 2241 (the "Petition") (DE [5]).  Petitioner claims that the United States Department of Immigration and Customs Enforcement ("ICE") unlawfully revoked his order of supervision and detained him.  *Id.*

Both parties should be aware that the Court intends to adjudicate this petition in an expeditious manner and should govern themselves accordingly.

In his Motion, Petitioner requests that this Court issue an order to show cause directing the Clerk of Court to serve the Petition on the United States attorney; requiring the Respondent to file a return within three days; requiring the Respondent to produce a copy of the entire Post Order Custody Review and all records relating to Petitioner's custody and the revocation of his supervisory order; and order the Respondent to produce

the Petitioner's body and give custody of his body to this Court during the duration of this case.  (DE [6] pp. 1-2).

Starting with Petitioner's first request, Petitioner acknowledges that he is preparing to complete service of process himself, so requiring the Clerk to serve Respondent would be redundant and unnecessary.  (DE [6] p. 6 n.5).

Next, Petitioner asks that this Court require Respondent to return the order to show cause within three days under 28 U.S.C. Section 2243.  But with the upcoming Thanksgiving holiday, the Court finds good cause to extend the response deadline by four days.  *See* 28 U.S.C. § 2243; *Campbell v. Wolf*, No. 20-CV-20768, 2020 WL 2109933, at *1 n.1 (S.D. Fla. Feb. 26, 2020).

Petitioner's third request is that this Court order Respondent to turn over all records relating to prior and current custody and revocation proceedings and removal.  This includes a copy of the full Post Order Custody Review record.  But Petitioner does not point to any statute, regulation, or case that requires Respondent to produce such records to a petitioner challenging detention after revocation of a supervisory order.  Although a petitioner is entitled to the reasons for the revocation of his supervisory order under 8 C.F.R. Section 241.(*l*), that does not mandate that Respondent turn over all records pertaining to the Petitioner's custody and removal.  However, Petitioner is entitled to any documents that Respondent will rely on for its defense against the Petition.

Finally, Petitioner requests that this Court take custody of Petitioner's body.  But respondents are not required to produce the body until they respond to the order to show cause, and even then the body is not required if the petition can be dismissed as a matter of law.  *See Walker v. Johnston*, 312 U.S. 275, 284 (1941).  It may be appropriate at a

later point in the proceedings for Petitioner to renew this request, but Respondent does not need to produce Petitioner's body at this time.

Thus, it is **ORDERED AND ADJUDGED** as follows:

1. No later than **November 21, 2025**, Respondent shall file a written notice with the Court which shall provide the name and address of the attorney to whom the case has been assigned.

2. On or before **November 26, 2025**, Respondent shall file a memorandum of fact and law to show cause why the Petition should not be granted, together with an Appendix, which shall itemize all documents, not viewable electronically or otherwise unavailable, together with all other documents and exhibits necessary for the resolution of the Petition.

3. In its response, Respondent shall specifically address the merits of the claims, notwithstanding any procedural defenses which may apply and which Respondent may assert. Specifically, Respondent shall address why Petitioner's supervisory order was revoked and whether Petitioner was given notice of the revocation and an informal interview.

4. Counsel for Respondent is requested to caption the response as a "Response" and not as a Motion to Dismiss. The statute, 28 U.S.C. Section 2243 calls for a "Return."

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of November 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF